# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# AT KANSAS CITY

| | |
|---|---|
| In Re: ) | |
| ) | |
| JESSICA LYNN ABARCA ) | Case No. 23-41037-can7 |
| ) | |
| Debtor. ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**COMES NOW**, Northgate MHP Lindale LLC, the movant herein (the "Movant") by and through its attorney, Steve N. Gatzoulis of Evans & Mullinix, P.A., seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d), for the following reasons:

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §1334 and 157, Bankruptcy Rules 4001 and 9014, and 11 U.S.C. §§105(a) and 362.

2. On July 31, 2023, the debtor herein (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code, Case No. 23-41037-can7.

3. On or about March 27, 2020, Movant entered into a Lease Agreement ("Lease") with the Debtor. Under the Lease, Movant leased to the Debtor the mobile home lot is, commonly known as 1260 NE US 69 #55, Liberty, MO 64068 ("Leased Premises"). A copy of the Lease Agreement is attached hereto, marked as Exhibit 1, and incorporated by reference as if fully set forth herein.

4. Prior to the filing of the bankruptcy, Movant filed a Petition for Rent and Possession, Case No. 23CY-CV05969, in the Circuit Court of Clay County, Missouri. A Judgment Entry was entered on July 17, 2023 granting Movant possession of the Leased Premises and a monetary judgment of $2,425.00. A copy of the Judgment Entry is attached hereto, marked as Exhibit 2, and incorporated by reference as if fully set forth herein.

5. Contemporaneously with the filing of her petition under Chapter 7 Debor filed Initial Statement about an Eviction Judgment (Form 101A) (doc. # 9) acknowledging that Movant had received a judgment against her and stating that she remitted the rent to the Court Clerk that would come due within the 30 days from filing. The Court's entered a Certified Copy of Docket Sheet "to show no rent funds received" (doc #11). A copy of the Statement about an Eviction Judgment is attached hereto, marked as Exhibit 3, and a

Certified Copy of Docket Sheet is attached hereto, marked as Exhibit 4.  Exhibits 3 and 4 are incorporated by reference as if fully set forth herein.

6. Contemporaneously with the filing of her petition under Chapter 7, Debor also filed a Statement About Payment of Eviction Judgment (Form 101B) (doc # 10) stating that she has "paid the landlord the entire amount I owe as stated in the judgment for possession", a of which is attached hereto, marked as Exhibit 5, and incorporated by reference as if fully set forth herein.

7. Movant has not been paid by the Debtor as evidenced by Movant's Transactions listing, a of which is attached hereto, marked as Exhibit 6, and incorporated by reference as if fully set forth herein.

8. The Debtor is in possession of the Leased Premises and continues to occupy the Leased Premises as her principal residence.

9. The Debtor is in default of said lease agreement in that Debtor owes:
    a. Pre-petition Judgment for Rent and Possession in the amount of $2,425.00;
    b. Post-petition lot rent, waste removal, administrative fee, and late charge in the amount of $682.25.

10. . The Debtor's failure to pay all pre and post-petition apartment rent, garage rent, water charges, building protection policy, and late fees in a timely manner and she continues occupancy of the Leased Premises has deprived and continues to deprive the Movant of income from and the use of its property. Therefore, Movant's interests in the Leased Premises are not being adequately protected, and Movant is entitled to relief from the Automatic Stay for cause.

11. The Debtor's failure to pay all post-petition rent in a timely manner violates the Debtor's obligations to timely perform all obligations until the lease is assumed or rejected, as required by 11 U.S.C. §365(d)(3). Accordingly, Movant is entitled to relief from the Automatic Stay for cause.

12. The Debtor does not have any equity in said property.

13. The said property is not necessary for an effective reorganization.

14. The total dollar amounts necessary to cure the pre and post-petition debt as of August 6, 2023 is $3,107.25.00.

15. Movant further states that it is its believes that pursuant to 11 U.S.C. §

{00970198 }

362(b)(22) that the automatic stay does not apply as the Debtor failed to remit the required payment to the Court Clerk and, therefore § 362(a)(3) does not apply to Movant.  However, Movant files its motion out of an abundance of caution.

**WHEREFORE**, the Movant respectfully requests that this Court enter an Order: (a) granting the Movant relief from the automatic stay pursuant to 11 U.S.C. § 362(d) so that it may immediately terminate the Lease, retake possession of the Leased Premises, collect damages, andtake any and all other action necessary to protect its interests in the Lease or the Leased Premises under the terms of the Lease, in accordance with applicable law; and (b) granting the Movant suchother and further relief as is just, including adequate protection of its interest.

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*/s/Steve N. Gatzoulis*
Steve N. Gatzoulis, KS #22176, MO #58057
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (Fax)
*sgatzoulis@emlawkc.com*
ATTORNEYS MOVANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and the foregoing was filed electronically with the U.S. Bankruptcy Court and has been served on the parties in interest via the Court's CM/ECF systems and served by First Class U.S. Mail Postage pre-paid this 14th day of August 2023:

Jessica Lynn Abarca
1260 NE US Hwy 69
TRLR #55
Liberty, MO 64068

*/s/Steve N. Gatzoulis*
Steve N. Gatzoulis

{00970198 }